**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5587-16T1

CHARLES MERRITT,

     Appellant,

v.

NEW JERSEY DEPARTMENT
OF CORRECTIONS,

     Respondent.

_____

Submitted November 28, 2018 – Decided March 8, 2019

Before Judges Fuentes and Vernoia.

On appeal from the New Jersey Department of Corrections.

Charles Merritt, appellant pro se.

Gurbir S. Grewal, Attorney General, attorney for respondent (Melissa Dutton Schaffer, Assistant Attorney General, of counsel; Suzanne M. Davies, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Charles Merritt is an inmate serving a fifty-year sentence at South Woods State Prison. He appeals from the final decision of the New Jersey Department of Corrections (DOC) finding he committed disciplinary infraction .254 under N.J.A.C. 10A:4-4.1, "refusing to work, or to accept a program or housing unit assignment." After reviewing the record developed before the DOC and mindful of our standard of review, we reverse and expunge this disciplinary infraction from appellant's inmate comportment record.

On June 14, 2017, appellant "became argumentative" when a Correction Officer (C.O.) attempted to serve him an "on-the-spot" disciplinary charge. Appellant refused to sign the charge and requested to see a Sergeant, who would presumably have supervisory authority to interact in this situation. The C.O. denied appellant's request and twice repeated his order for appellant "to return to his cell and lock in." Appellant did not obey the C.O.'s commands. Against these facts, the DOC charged appellant with committing disciplinary infraction .254, "refusing to work, or to accept a program or housing unit assignment." Appellant refused to participate in the disciplinary hearing conducted by a hearing officer. Based on the facts we have described, the hearing officer found appellant guilty of disciplinary infraction .254 and imposed a sanction of ten days loss of recreation privileges, sixty days loss of commutation time

A-5587-16T1

suspended for sixty days, and ninety days of administrative segregation (solitary confinement) suspended for sixty days under N.J.A.C. 10A:4-9.18.

Before this court, appellant argues the DOC did not meet its burden of proof under N.J.A.C. 10A:4-9.15(a), which requires that "a finding of guilt at a disciplinary hearing shall be based upon substantial evidence that the inmate has committed a prohibited act." As an intermediate appellate court, we are bound not to disturb an agency's ultimate determination unless the decision is "arbitrary, capricious, or unreasonable, [] or not supported by substantial credible evidence in the record as a whole." In re Stallworth, 208 N.J. 182, 194 (2011) (alteration in original) (quoting Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980)). Furthermore, "when reviewing agency decisions, we defer to matters that lie within the special competence of an administrative tribunal." Mejia v. N.J. Dep't of Corr., 446 N.J. Super. 369, 376 (App. Div. 2016) (quoting Balagun v. N.J. Dep't of Corr., 361 N.J. Super. 199, 202 (App. Div. 2003)).

Here, the evidence presented to the hearing officer does not support that appellant committed the disciplinary charge .254 "refusing to work, or to accept a program or housing unit assignment." Accepting the veracity of the C.O.'s account of events, appellant twice refused to obey an order "to return to his cell and lock in." This was an act of defiance by appellant of this particular C.O.'s

order, not a refusal to accept a housing assignment. Stated differently, this was a personal act of disobedience, not a systemic defiance. The DOC could have charged appellant under N.J.A.C. 10A:4-4.1 with committing disciplinary infraction .256 "refusing to obey an order of any staff member." However, for reasons not disclosed in this record, the DOC decided to charge appellant with committing disciplinary infraction .254. Based on the facts presented to the hearing officer, the DOC did not meet its burden of proof to find appellant guilty of committing disciplinary infraction .254 under N.J.A.C. 10A:4-9.15(a).

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

4

A-5587-16T1